**James L. DEVRIES, Plaintiff— Appellant,**

**v.**

Jo Anne B. BARNHART,* Commissioner of Social Security, Defendant—Appellee.

No. 03–35881.
D.C. No. CV–02–00093–SEH/CSO.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2005.**

Decided June 16, 2005.

Cameron Ferguson, Hartelius, Ferguson, Baker & Kazda, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM***

Claimant James L. DeVries appeals the decision of the district court affirming the

---

* Jo Anne B. Barnhart is substituted as Commissioner of the Social Security Administration. Fed. R.App. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

Commissioner of Social Security's denial of his application for disability insurance and supplemental security income benefits. We affirm.

■ 1. Substantial evidence supports the finding that Claimant acquired transferable skills from his ownership and operation of a neighborhood tavern for 23 years. Claimant's own testimony demonstrated that his duties included bartending, stocking coolers, cleaning, ordering beverages, counting out the tills, making bank deposits, writing checks, and taking care of payroll, including tax withholding, for up to five employees. Also, Claimant graduated from high school and attended one year of college. Accordingly, Rule 201.07 properly applied. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.07 (a claimant who is over 55, is at least a high school graduate, can perform a full range of sedentary work, and has transferable skills is not disabled).

■ 2. Substantial evidence also supports the finding that there is a sufficient number of jobs existing in the national and local economy that Claimant could perform. Even discounting the jobs identified by the Vocational Expert ("VE") that involve light exertion or computer skills, there remain the jobs of procurement clerk and order clerk, both of which Claimant could perform. These jobs require skills compatible with the skills he possesses, and neither requires complex skills. The record shows that there are 356,000 such jobs nationally and 24,000 locally, which is sufficient. *See Thomas v. Barnhart,* 278 F.3d 947, 960 (9th Cir.2002) (holding 1,300 jobs in the local economy to be sufficient); *Barker v. Sec'y of Health & Human Servs.,* 882 F.2d 1474, 1478–79

(9th Cir.1989) (noting that even several hundred jobs was "significant").

3. Although the VE did not say in so many words that "no vocational adjustment will be necessary" for Claimant to perform those jobs, the testimony as a whole clearly implied that no vocational adjustment would be required. The ALJ explicitly so found, which distinguishes this case from *Renner v. Heckler,* 786 F.2d 1421 (9th Cir.1986) (per curiam). In addition, because here the jobs on which the VE relied had a *lower* (not a higher) specific vocational preparation score than Claimant's prior work, *Terry v. Sullivan,* 903 F.2d 1273 (9th Cir.1990), is distinguishable.

**AFFIRMED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

